SEDGWICK LLP
ROBERT F. HELFING  Bar No. 90418
robert.helfing@sedgwicklaw.com
CAROLINE H. MANKEY  Bar No. 187302
caroline.mankey@sedgwicklaw.com
ERICA R. GRAVES, Bar No. 301785
erica,graves@sedgwicklaw.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendants
WYLAND, WYLAND WORLDWIDE, LLC,,
WYLAND GALLERIES, INC. and
SIGNATURE GALLERY GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PIETER AREND FOLKENS, dba A HIGHER PORPOISE DESIGN GROUP,<br><br>        Plaintiff,<br><br>    v.<br><br>WYLAND (NFN), aka ROBERT THOMAS WYLAND, et al.,<br><br>        Defendants. | CASE NO. 2:14-cv-02197-GEB-CKD<br><br>**ORDER GRANTING**<br>**STIPULATED PROTECTIVE ORDER** |

      Subject to the approval of the Court, all documents, material or information produced or created by a party or non-party ("Source") to a party in this action ("Receiving Party") containing information which the Source or a party believes in good faith to be confidential or trade secret information, shall be designated as CONFIDENTIAL, CONFIDENTIAL SETTLEMENT INFORMATION, or CONFIDENTIAL—ATTORNEYS' EYES ONLY by the Source or a party and maintained by the Receiving Party(ies) pursuant to the terms of this Order.

## I. GOOD CAUSE STATEMENT

### A. Factual Background

It is the intent of the parties and the Court that information will not be designated as confidential in this case for tactical reasons, and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record. The parties are both artists whose work depicts ocean scenes and who sell their work directly to the public or via third parties. Because of the parties' status as competitors or potential competitors, business information such as supplier lists, customer lists, cost-of-goods sold, pricing, manufacturing agreements, and other, similar information are confidential and must be protected from disclosure, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

Further, the threshold issues in the complaint center on copyright infringement and breach of contract allegations. Resolution of the copyright issues and damages analysis necessarily require evidence of, without limitation, customer lists, cost of manufacture, supplier lists, sales data, and channels of trade. Resolution of the breach of contract issues necessarily involves evidence of a prior settlement agreement between the parties which was subject to a confidentiality clause.

Examples of confidential information that the parties may seek to protect from unrestricted or unprotected public disclosure include:

(a) Information that is the subject of a contractual non-disclosure or confidentiality agreement or obligation;

(b) The names, or other information tending to reveal the identity of a party's supplier, distributor, or manufacturer;

(c) Agreements with third parties, including license agreements, distributor agreements, manufacturing agreements, gallery or consignment agreements, supply agreements,

sales agreements, or service agreements;

 (d) Information related to budgets, sales, profits, costs, margins, licensing, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

 (e) Information related to internal operations including personnel information;

 (f) Trade secrets (as defined by the jurisdiction in which the information is located).

**B. The Proposed Protective Order Focuses on the Protection of Commercially Sensitive Business Information**

Federal Rule Civil Procedure Rule 26(c)(7) and Local Rules 141 and 141.1 permit the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. The party seeking such an order must demonstrate a particular and specific need for the protective order. *Gary v. Rodewald*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, e.g. confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. *Hayden v. Siemens Medical Systems, Inc.,* 106 F.R.D. 551, 556, (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, *e.g.*, by designating certain classes or types of information. *Id.*

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect the documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors." *Bayer AG and Miles Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

Finally, the parties to this action entered into a previous settlement agreement that is confidential under its own terms and cannot be publicly disclosed by either party without

3 STIPULATED PROTECTIVE ORDER

1  breaching the agreement.

2        As competitors, the parties' proposed protective order is drafted to protect the
3  confidentiality and disclosure of each party's confidential business information and to provide
4  extra precautions on the disclosure of highly sensitive business information, as defined below,
5  and as balanced against the need and use for such information to prosecute and defend this
6  action.

7        **C.**     **Conclusion**

8        Based on the foregoing demonstration of good cause in support of the [Proposed]
9  Protective Order, this Order should be granted by the Court to protect that parties' confidential
10 business information.

11                                **STIPULATION AND ORDER**

12       In accordance with Rule 26(c) *Federal Rules of Civil Procedure* and Local Rules 141 and
13 141.1 the parties stipulate and agree, through their respective counsel, to the entry of a protective
14 order governing the disclosure during pretrial discovery and the subsequent handling of trade
15 secret information, proprietary information, other confidential commercial, financial or personal
16 information, and documents containing any such information as follows:

17       **1.**     **INITIAL DESIGNATION.**

18       **1.1**     **Confidential Information**. In connection with discovery and trial in this action,
19 the parties may designate materials, including electronic files, documents, things, and testimony,
20 as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" under the terms of
21 this Stipulated Protective Order ("Order").

22           a.     Documents designated CONFIDENTIAL or CONFIDENTIAL
23 ATTORNEYS' EYES ONLY is information that has not been made public and which concerns
24 or relates to the processes, operations, type or work, or apparatus, or to the production, sales,
25 shipments, purchases, transfers, identification of customers and suppliers, inventories, blueprints,
26 amount or source of any income, profits, losses, or expenditures of any persons, firm,
27 partnership, corporation or other organization, the disclosure of which information may have the
28

1  effect of causing harm to the competitive position of the person, firm, partnership, corporation or
2  to the organization from which the information was obtained, and, to the extent not already
3  encompassed in the preceding definition, trade secrets as defined in California Civil Code
4  § 426.1.
5              b.    The parties may designate discovery material or testimony that disclose
6  the terms of the settlement agreement entered into by the parties on October 5, 2001 ("Settlement
7  Agreement") as CONFIDENTIAL in the manner described in paragraph 1 above.  The parties
8  agree that the Settlement Agreement itself is confidential under its own terms and may not be
9  disclosed, except as provided by the Settlement Agreement itself and according to paragraph 3.3
10 below.  Nothing contained in this Order shall constitute a waiver of the confidentiality of the
11 terms of the Settlement Agreement.
12             c.    By designating a document, thing, material, testimony or other
13 information derived therefrom as CONFIDENTIAL under the terms of this Order, the party
14 making the designation is certifying to the court that there is a good faith basis both in law and in
15 fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g).  Material
16 designated as confidential under the Order, the information contained therein, and any
17 documents derived in whole or in part from material designated as confidential or that is
18 confidential under its own term\ ("CONFIDENTIAL \") shall only be used for the prosecution,
19 defense or settlement of this action, and for no other purpose.
20     **1.2    Produced Documents.**  A party producing documents that it believes constitute
21 or contain CONFIDENTIAL material shall produce copies bearing a label designating such
22 material CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY.  For material
23 designated CONFIDENTIAL ATTORNEYS' EYES ONLY, the producing party shall   provide
24 to all parties in this matter the identity of the document and a statement as to the basis of the
25 claimed CONFIDENTIAL ATTORNEYS' EYES ONLY nature of the said document .  The
26 Settlement Agreement is confidential under its own terms and requires no such designation.  As
27 used herein, the term "documents" includes all writings or other media on which information is
28 recorded and other electronic files and tangible things subject to production under the *Federal*

*Rules of Civil Procedure.* Any and all documents, information, or materials provided by a party for the sole purpose of settlement discussion prior to the entry of this Order by the Court shall be deemed CONFIDENTIAL .Notwithstanding any other provisions of this Order, no such documents, information, or materials may be disclosed, shared, or otherwise used during any part of this case unless introduced again by the same providing party under this Order.

      **1.3**     **Interrogatory Answers.** If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 1.1 above that its answer contains CONFIDENTIAL information, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL in the same manner as a produced document under subparagraph 1.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

      **1.4**     **Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of confidentiality need be made in advance of the inspection. If the inspecting party selects specified documents to be copied, the producing party shall designate its confidentiality in accordance with subparagraph 1.2 at the time the copies are produced or within ten (10) days after the producing party is provided with copies of said documents.

      **1.5**     **Deposition Transcripts.** Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL, by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL, and label such portions appropriately.

      **1.6**     **Multi-page Documents.** A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers and responses to document requests, as confidential by placing the label specified in subparagraph 1.2 on the first

page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as confidential, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.2 on each page of the document containing the confidential information.

**1.7** **Later Designations.** A party may also designate information disclosed at a deposition or otherwise as CONFIDENTIAL, by notifying all parties in writing, of the document, interrogatory response, the specific pages and lines of deposition transcript, or the document produced to be designated as such.

**2.** **DESIGNATIONS BY ANOTHER PARTY.** If a third party produces documents that any party reasonably believes should be protected under this Order, within fourteen (14) days of the production, said party to this action shall advise all counsel of its designation of such document, and shall affix the appropriate stamp on such documents.  The third party shall be served with a copy of this Order with the Subpoena and such third party itself may designate documents or testimony as appropriately as provided herein.  All parties shall cooperate to effectuate affixing the necessary stamp and the party designating the documents as CONFIDENTIAL shall follow procedures outlined in section 1.2.

**3.** **HANDLING PRIOR TO TRIAL.**

**3.1** **Authorized Disclosures of Confidential Material.** Discovery Material designated as CONFIDENTIAL or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

a. The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

b. Qualified persons taking testimony involving CONFIDENTIAL material, and necessary stenographic, videographic, and clerical personnel thereof;

c. Consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 3.3 of this Stipulation are complied with prior to any disclosure of any CONFIDENTIAL MATERIAL to such an expert or consultant;

1        d.      The Court, and the Court's staff, pursuant to Paragraph 3.6 of this Stipulation;

2        e.      Attorneys for the parties to this litigation and/or the insurance carriers for the
3 parties to the litigation, including persons working solely in secretarial, clerical, and paralegal
4 capacities, and who are providing assistance to counsel in this action, and/or claims
5 representatives and/or claims adjustors, upon the condition that such CONFIDENTIAL material
6 not be used in policy issuance determinations and be immediately destroyed by the insurance
7 carriers upon completion of the instant litigation;

8        f.      Third-parties specifically retained to assist outside counsel in copying, imaging,
9 and/or coding of documents but for that purpose only, provided that all such CONFIDENTIAL
10 material is kept and maintained in a separate and secure place and that the third party retained to
11 copy, image, or code confidential documents is not currently performing any services, either as
12 an employee, consultant, or otherwise for any competitor of either party to this action or for one
13 having any interest adverse to either party to this action;

14        g.      The author, addressees and recipients of the documents or any person who would
15 have had access to such information by virtue of his /her employment; and,

16        h.      Any other person as to whom the parties previously agree in writing.

17 Such disclosures are authorized only to the extent necessary to prosecute or defend this
18 litigation. There will be no disclosure of CONFIDENTIAL material to any person or entity who
19 is a manufacturer or retail competitor (or an employee of a manufacturer or retail competitor) of
20 a party. There will be no disclosure of CONFIDENTIAL material to any distributor or supplier
21 (or an employees of a distributor or supplier) of a party unless within 14 days of written notice
22 by the party wishing disclosure, either the parties agree to the terms of disclosure or the party
23 seeking to make a disclosure files a motion for an order permitting the disclosure and the court
24 so orders.

25 **AEO Disclosure.** Material or documents designated as CONFIDENTIAL-ATTORNEYS'
26 EYES ONLY may be shown to a "qualified person" listed in subparagraphs 3.1(b) through (h).
27 Attorneys' Eyes Only Material shall not be disclosed to any party or to any officer, in-house
28 counsel, director or employee of any party unless agreed in writing by the parties, ordered by the

8      STIPULATED PROTECTIVE ORDER

1  Court, or at the trial or appeal of this case.

2      **3.2**  **Confidential Settlement Information Disclosure**.  Material which discloses the

3  terms of the Settlement Agreement, as set forth in paragraph 1.1.b, may only be disclosed to the

4  parties; attorneys for the party and the attorneys' staff;  and the Court to which this matter is

5  assigned, as prescribed in paragraph 3.6; and mediators or arbitrators to whom this matter is

6  assigned.

7      **3.3**  **Procedure.**  Except for persons described in Paragraph 3.1.d, 3.1.e or 3.1.f of this

8  Stipulation, all persons to whom CONFIDENTIAL material is disclosed or by whom

9  CONFIDENTIAL material is used, including parties, non-parties, and their representatives, shall

10  be informed of and agree to be bound by the terms of this Stipulation and the Protective Order

11  and shall take all necessary precautions to prevent any disclosure or use of CONFIDENTIAL

12  material other than as authorized by this Stipulation.

13      Individuals who are authorized to review CONFIDENTIAL material pursuant to this

14  Stipulation shall hold the CONFIDENTIAL material and its contents in confidence and shall not

15  divulge the CONFIDENTIAL material or its contents, either verbally or in writing, except as

16  expressly permitted by this Stipulation, unless authorized to do so by a further Order of this

17  Court or as specifically required by law.

18      **3.4**  **Unauthorized Disclosures.**  In the event of disclosure of CONFIDENTIAL

19  material other than as authorized in this Order, counsel for the party responsible for the

20  disclosure shall notify all parties of all pertinent facts, and shall make every effort to prevent

21  further disclosure, including retrieving disclosed materials and copies of such materials.  In

22  accordance with Local Rule 141 and 141.1, the Court may order such further and additional

23  relief as it deems necessary and just.

24      **3.5**  **Court Filings.**  The parties acknowledge the procedures for filing under seal

25  outlined by Local Rule 141.  If CONFIDENTIAL material, including any portion of a deposition

26  transcript designated as CONFIDENTIAL, is included in any of the papers to be filed with the

27  Court, the CONFIDENTIAL material or any portions of the pleadings which contain

28  CONFIDENTIAL material shall be lodged under seal, and shall be accompanied by a written

application and proposed order to file the CONFIDENTIAL material under seal to the judge to whom the papers are directed, until further order of the Court. Each submission to be lodged under seal shall afford the Court the opportunity to determine whether the standard for filing material under seal has been satisfied.  The proposed order shall address both the sealing of the application and the order itself.  A "Notice of Manual Filing" shall be electronically filed identifying materials being manually filed.

    **4.**    **HANDLING DURING TRIAL.**  Materials designated as CONFIDENTIAL which are subject to this order may be marked and used as trial exhibits by either party,  and shown to the jury subject to terms and conditions as imposed by the trial court upon application by the designating party.

    **5.**    **HANDLING AFTER TRIAL.**  This Order shall survive the final termination of this action and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this case, including time for appeals, counsel for the parties may each retain one copy of the pleadings, transcripts of any hearings or trials, transcripts of depositions, and exhibits from any hearings, trials or depositions.  Counsel shall destroy or assemble and return to each other materials designated as confidential and all copies or summaries thereof.

    **6.**    **RESTRICTIONS.**  Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Order (other than through an act or omission or a person receiving material under this Order).

    **7.**    **OTHER REQUESTS.**  The Order shall be without prejudice to the right of any party: (i) to request re-designation of material as CONFIDENTIAL; (ii) upon written stipulation, in accordance with Local Rules 141 and 141.1, to request the Court's ruling on whether a

document or information is CONFIDENTIAL, or whether its use should be restricted; (iii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein.  The Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

**8.     CUSTODY.**  Recipients of CONFIDENTIAL material under this Order shall maintain such material secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

This order shall be binding on the parties when signed regardless of whether and when this Court endorses this Order.

IT IS SO STIPULATED.

Dated: December 3, 2015            SEDGWICK LLP

                                   By: _____
                                       Robert F. Helfing
                                       Caroline H. Mankey
                                       Erica R. Graves
                                       Attorneys for Defendants
                                       WYLAND, WYLAND WORLDWIDE, LLC,,
                                       WYLAND GALLERIES, INC. and SIGNATURE
                                       GALLERY GROUP, INC.

Dated: December 3, 2015            GIZZI & REEP, LLP

                                   By: _____
                                       Scott D. Reep
                                       Attorneys for Plaintiff
                                       PIETER AREND FOLKENS dba A HIGHER
                                       PORPOISE DESIGN GROUP

**ORDER**

IT IS SO ORDERED

Dated:  December 3, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE