UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIETER AREND FOLKENS, dba A HIGHER PORPOISE DESIGN GROUP,<br><br>    Plaintiff,<br><br>    v.<br><br>WYLAND (NFN), aka ROBERT THOMAS WYLAND, an individual; WYLAND WORLDWIDE, LLC, a California Corporation; WYLAND GALLERIES, INC, a California Corporation; and SIGNATURE GALLERY GROUP, INC., a Nevada Corporation, dba WYLAND GALLERIES,<br><br>    Defendants. | No. 2:14-cv-02197-GEB-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

On October 29, 2015, Plaintiff filed a motion under Federal Rules of Civil Procedure ("Rule") 15 and 20 for leave to amend and supplement its Complaint and for joinder of additional Defendants. (Pl.'s Mot. for Leave to Amend ("Mot.") 3:19, ECF No. 20-2.) Defendants oppose the motion arguing:

> Plaintiff does not acknowledge that his motion comes seven months after the pleading amendment deadline in March 2015 and does not even seek relief from the Scheduling Order. . . . Plaintiff's tactics demonstrate either lack of diligence or purposeful last-minute maneuvering, neither of which support[s] this radical expansion of Plaintiff's claims or parties to the litigation. This expansion would also prejudice Defendants because they would have no opportunity to conduct

1

1 | discovery about the new allegations.
2 | (Defs.' Opp'n ("Opp'n") 2:4-21, ECF No. 21.)
3 | Plaintiff's opening brief failed address the "good cause" standard in Rule 16 which governs a request to amend the Status (Pretrial Scheduling) Order filed on March 4, 2015, (Status (Pretrial Scheduling) Order ("Order"). Nor does Plaintiff address in its opening brief whether any supplement to its Complaint or joinder of party it seeks can be effected without amending the Order. Plaintiff addresses Rule 16's "good cause" standard for the first time in its reply brief. However, "[t]he district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Therefore, this argument is disregarded.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Since Plaintiff has failed to demonstrate that good cause justifies amending the Order, Plaintiff's motion filed on October 29, 2015 is denied.

Dated: December 31, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge